## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| STEVEN WAYNE QUICK, #1243617, | § | |
| **Plaintiff,** | § | |
| | § | |
| v. | § | **3:11-CV-2832-N (BK)** |
| | § | |
| HUNT COUNTY SHERIFF, | § | |
| **Defendant.** | § | |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to the provisions of 28 U.S.C. § 636(b) and Special Order 3, this case was referred for pretrial management. For the reasons that follow, it is recommended that Plaintiff's motion to proceed *in forma pauperis* be denied, and that this action be dismissed as barred by the three-strike provision of 28 U.S.C. § 1915(g).

### I. BACKGROUND

Plaintiff, a state inmate confined within the Texas Department of Criminal Justice (TDCJ), filed a *pro se* petition for writ of habeas corpus challenging his 2004 Hunt County conviction and the conditions of his pretrial confinement at the Hunt County Jail. *See Quick v. Alford*, 3:11-CV-2520-N-BK (N.D. Tex. 2011) (Doc. 1 at 1-3, 8-9).[1] In light of his *pro se* status, the Court liberally construed the latter allegation to raise a civil rights claim under 42 U.S.C. § 1983, which was subsequently severed and filed in this separate action. *See id.*, Doc. 10; *Nubine v. Thaler*, 2010 WL 3681033, at *1-2 (5th Cir. 2010) (unpublished *per curiam*) (citing *Patton v.*

---

[1] Plaintiff initially filed case number 3:11-CV-2520-N-BK in the United States District Court for the Eastern District of Texas, which in turn transferred it to this Court.

*Jefferson Corr. Ctr.*, 136 F.3d 458, 463-64 (5th Cir. 1998) (where habeas petition contains both habeas and civil rights claims, district court should sever civil rights claims and address them separately)).  No process has been issued pending preliminary screening.

## II.  DISCUSSION

### A.  Plaintiff is precluded from filing a civil action

28 U.S.C. § 1915(g), the "three-strike" provision of the Prison Litigation Reform Act (PLRA), precludes a prisoner from bringing a civil action *in forma pauperis* if on three or more prior occasions, while confined as a prisoner, he filed civil actions or appeals in federal court which were dismissed, either by a district court or appellate court, as being frivolous, malicious, or for failing to state a claim.  *Jackson v. Johnson*, 475 F.3d 261, 265 (5th Cir. 2007).

This Court previously found Plaintiff was barred by three strikes.  *See Quick v. Anderson*, No. 3:06-CV-2096-G, 2006 WL 3626968, *1 (N.D. Tex. Dec. 13, 2006) (dismissing case as barred by three-strike provision because Plaintiff, while a prisoner, had filed seven prior civil actions that were dismissed as frivolous).  Having accumulated three "strikes," section 1915(g) precludes Plaintiff from proceeding in this action *in forma pauperis* unless he was in "imminent danger of serious physical injury" at the time of filing the complaint.  *See Banos v. O'Guin*, 144 F.3d 883, 884 (5th Cir. 1998).  Plaintiff's filings, even when liberally construed, present no claim that Plaintiff was in danger of any physical injury at the time of filing the same.  *See Carson v. Johnson*, 112 F.3d 818, 822-823 (5th Cir. 1997).  Therefore, because Plaintiff has not shown imminent danger of serious physical injury, the District Court should bar him from proceeding *in forma pauperis* under section 1915(g).

## III.  RECOMMENDATION

For the foregoing reasons, it is recommended that Plaintiff's motion to proceed *in forma pauperis* (Doc. 4) be **DENIED**, and that this action be **DISMISSED** as barred by the three-strike provision of 28 U.S.C. § 1915(g).  Such dismissal is with prejudice to the refiling of an *in forma pauperis* lawsuit raising the same claims as herein presented, but without prejudice to the refiling of this lawsuit with full payment of the $350.00 filing fee.

SIGNED on October 27, 2011.

RENÉE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

RENÉE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE